UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA H. MAYO and FRANK H. MAYO,

    Plaintiffs,

vs.                                                    Case No. 10-13679

TACO ENTERPRISES, INC. d/b/a              HON. AVERN COHN
TACO BELL,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 11)**[1]

I. Introduction

This is a tort case. Plaintiffs Linda Mayo (Mayo) and Frank H. Mayo, are suing defendant Taco Bell Enterprises, Inc. d/b/a Taco Bell (Taco Bell) for negligence arising out of Mayo's fall in the parking lot of Taco Bell.

Before the Court is Taco Bell's motion for summary judgment. For the reasons that follow, the motion will be granted.

II. Background

The material facts as gleaned from the parties' papers follow.[2]

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Neither party complied with the Court's motion practice guidelines for a motion for summary judgment. In particular, Taco Bell did not provide a statement of material facts in dispute or highlight its exhibits. Mayo did not file a counter-statement or highlight her exhibits. Be that as it may, the record is sufficiently complete so as to

On August 20, 2009, Mayo went to a Taco Bell restaurant in Farmington Hills, Michigan with her husband, Frank Mayo, and granddaughters. It was a sunny day at approximately 4:00 p.m.

Mayo entered the restaurant without incident. While eating their meal inside, Mayo's husband spilled a soft drink on her. Because Mayo was cold after the drink was spilled on her, she went outside to warm up. Plaintiff fell from the curb and landed in the parking lot. Mayo testified at deposition that she was not looking down at the sidewalk to see where she was walking. She described what happened as follows:

> . . . I just stepped outside the door. And I'm standing there. I just remember just standing there thinking, wow, it's warm ' cause the heat was coming down. And I – I don't know if I moved or turned or what. But all of the sudden my foot just went like this and I found myself just – I mean, it was like – in I could almost se it in slow motion. I'm going down and I could not stop myself just went sideways like that and I reached out to break my fall . . . It was like my left foot . . . just rolled over that thing, which I did not see. It was like all the same color. I mean, I didn't see a step. I didn't see anything different. It was like all white.

Mayo's dep. at p. 52-53.

### III.  Analysis

#### A.  Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

enable a decision on the summary judgment motion.

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

B. Tort Liability[3]

1.

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. Case v. Consumers Power Co, 463 Mich. 1, 6 (2000). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." Hampton v. Waste Mgmt of Michigan, Inc., 236 Mich. App 598, 603 (1999).

Here, Mayo was an invitee because she was on Taco Bell's premises which was held open for a commercial purpose. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." Lugo v. Ameritech Corp, 464 Mich. 512, 516; 629 NW2d 384 (2001). An unreasonable risk of harm is one "caused by

---

[3] Because the basis for the Court's jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court. Reid v. Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

3

a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize or protect themselves against." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995) (citing Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499 (1988)). This duty does not, however, extend to dangerous conditions that are open and obvious. Lugo, 464 Mich. at 516. An open and obvious condition is one that an average person of ordinary intelligence would be able to discover upon casual inspection. Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710, 713 (2007). Thus, it is an objective test unrelated to the actual perceptions of a particular plaintiff. Id.

2.

Taco Bell argues that summary judgment is warranted because the condition of the curb was open and obvious. The Court agrees. Mayo testified that she never looked down at the curb which allegedly caused her fall. She has therefore failed to present evidence that the curb was not open and obvious. Mayo argues, however that her perception of the curb was limited because the curb, sidewalk, and parking lot pavement are all the same color. While Mayo attached as an exhibit to her response what was identified as color photographs, the photographs are not color. Regardless, Michigan courts have held that the open and obvious doctrine bars a plaintiff's claims as a result of a fall caused by a curb and/or a step. The Michigan Supreme Court has stated, "the danger of tripping and falling on a step is generally open and obvious." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 614; 537 NW2d 185 (1995). The Supreme Court has explained why steps are considered open and obvious:

Because steps are the type of everyday occurrence that people encounter,

> under most circumstances, a reasonably prudent person will look where he is going, will observe the steps and will take appropriate care for his own safety.... However, where there is something unusual about the steps, because of their "character, location, or surrounding conditions," then the duty of the possessor of land to exercise reasonable care remains. If the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide . . .

Bertrand, supra at 616-17. The Michigan Supreme Court has also stated that "ordinary steps cannot be considered to present an unreasonably dangerous risk of harm." Lugo, supra at 525, n 6. Just because a particular plaintiff fails to see a step does not mean it is not open and obvious. Bertrand, supra at 621. Steps are encountered as an everyday occurrence. The hazardous condition of the step or incline at Taco Bell was open and obvious.

Moreover, the fact that the area was all the same color does not mean the condition was not open and obvious. Michigan Courts have found that the lack of differentiation in color between a step or curb and the ground below does not sustain a negligence claim. See Maurer v Oakland Co Parks and Recreational Dep't (After Remand), 449 Mich. 606, 621 (1995) (unmarked cement step was open and obvious where the plaintiff failed to establish anything unusual about the step and where the plaintiff's only asserted basis for finding it dangerous was because she did not see it). Knoll v. General Motors Corp., 2004 WL 512230 (Mich. Ct. Pp. 2004) (step open and obvious even though the step and the ground below it were the same color and area was dimly lit); Eisenthardt v. Craft, 1998 WL 1991103, *1 (Mich. Ct. App. 1998) (stating that "[t]he fact that the curb was not painted in contrasting color is insufficient to establish a question fact."); Donemberg v. Jamie Investment Co., 1997 WL 33331082,

*1 (Mich. Ct. App. 1997) (stating that the "risk of tripping over a standard cement parking curb located in a parking lot was open and obvious.")

Here, Mayo does not allege that there was any unusual feature of the curb or that it was defective in any way. She testified that she was not looking down when she fell. The fact that Mayo fell when negotiating a particular, readily observable, step does not make it dangerous, and, in particular, when Mayo had crossed the same path to enter the restaurant. Reasonable minds could not differ on whether any danger posed by the step/curb was open and obvious.

Mayo, however, says that her claim is not barred by the open and obvious doctrine. She cites in particular Laier v. Kitchen, 266 Mich. App. 482 (2005). Mayo's reliance on Laier is misplaced. In Laier, the owner of a front-end loader filed a wrongful death action against defendant, a farmer, after the owner's son was killed while assisting the farmer in repairing the front-end loader. The death occurred on the farmer's property. Plaintiff alleged that in the course of attempting to affect the repair, the farmer acted negligently, thereby causing the son's death. In other words, the plaintiff alleged active negligence against the farmer. The Michigan Court of Appeals held that the defendant owed the decedent a duty of care separate and apart from the ownership of the property. Because plaintiff could rely on that duty (the duty of care to others who are attempting to assist in an undertaking), the open and obvious doctrine did not bar the plaintiff's claim.

Here, however, Mayo's claim is not based on overt acts of Taco Bell. Rather, she is alleging injury by a condition of the land, and as such, her claim sounds exclusively in premises liability. Her belated attempt to recast her claim, by arguing for

example that Taco Bell should have painted the curb, is of no avail. This is a premises liability case. She has not alleged active negligence on the part of Taco Bell independent of its duty as a business owner. Mayo's claim is barred by the open and obvious doctrine.

3.

Finally, even though a danger may be open and obvious, a property owner may have a duty to exercise reasonable care to protect the invitee if "he should anticipate the harm despite knowledge of it on behalf of the invitee." Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 96 (1992).

> [I]f the risk of harm remains unreasonable despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. This issue then becomes the standard of care and is for the jury to decide.

Bertrand, 449 Mich. at 611. To make out a claim that Taco Bell owed a duty to undertake reasonable precautions to protect Mayo from even an open and obvious danger, she must show that there was something unusual about the object in light of its "character, location, or surrounding conditions," that made it unreasonably dangerous. Bertrand, quoting Garret v. WS Butterfield Theatres, Inc, 261 Mich. 262, 263-64 (1933); See also Lugo v. Ameritech Corp, Inc, 464 Mich. 512, 517-518 (2001).

Mayo has not met her burden. As explained above, the fact that there was no differentiation in color, the only arguable basis to show the curb was unusual, does not as a matter of law make the condition unreasonably dangerous.

IV.  Conclusion

For the reasons stated above, Taco Bell's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 1, 2011, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160